IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | * Criminal No. 1:21-cr-00572 CRC |
| **JOSHUA DRESSEL** | * |

\*\*\*\*\*

**MEMORANDUM IN AID OF SENTENCING**

The Defendant, by and through his attorney, Robert C. Bonsib, Esq. and the law office of MarcusBonsib, LLC, hereby submits this Memorandum in Aid of Sentencing and, in support thereof, states as follows:

**I.      PROCEDURAL BACKGROUND**

On August 18, 2022, the Joshua Dressel ("Dressel") pled guilty to count four of the criminal information in which he was charged with Parading, Demonstrating or Picketing in a Capitol Building, in violation of 40 U.S.C. 5104(e)(2)(G).

The Court ordered a Pre-Sentence Report ("PSR")

Sentencing in this matter is presently scheduled for March 21, 2023.

**II.     PRE-SENTENCE REPORT**

Dressel has reviewed the PSR and has no material objections to the contents of the PSR except with respect to paragraph 14.  It incorrectly states that Dressel entered the Capitol at 2:14 pm and exited through a broken window at 4:00 pm.  In fact, Dressel entered the Capitol at 2:15 pm and exited the Capitol at 2:38 pm.  Dressel was inside the Capitol for approximately twenty-three minutes.  Once he exited the Capitol, he remained on the Capitol grounds, but outside the Capitol, until approximately 4 pm.  These are the facts that were agreed to and to which Dressel admitted in the Statement of Offense.  It appears that the PSR referenced an earlier version of the

Statement of Offense, signed May 4, 2022 and which was not agreed to at the time of the original guilty plea hearing. It was at that hearing that an issue was raised regarding the amount of time that Dressel was inside the Capitol. That issue was investigated and the correct timeline was subsequently confirmed and the Statement of Offense was corrected. The final Statement of Offense filed as ECF #26 which was signed on August 16, 2022 and is the operative factual statement in this matter confirming that Dressel was only in the Capitol building for twenty-three minutes.

## IV. OFFENSE CONDUCT

While undersigned counsel is not conversant with all the facts and circumstances of all of the cases involving other January 6 defendants, the conduct of Dressel was limited and he is likely one of the individuals who spent the least amount of time in the Capitol building.

This twenty-three minute unlawful incursion during which Dressel neither engaged in any destructive or violent conduct places him at what must be amongst the lowest level of unlawful conduct amongst the January 6 prosecutions.

The statement of offense in Dressel's plea agreement further supports the very limited nature of his unlawful conduct in this case. That statement of facts, prepared by the government and agreed to by Dressel, noted in pertinent part, that Dressel entered the Capitol building, with a large group of other rioters, through the Senate Wing Door at approximately 2:15 pm. Once inside he traveled to the Crypt area where he remained for approximately fifteen minutes and then exited the building through a broken glass window at approximately 2:38 pm.

What is significant about the brief period of time that Dressel was inside the Capitol building is not only what he did not do (i.e. he did not damage anything or engage in any destructive or violent activity) but also what he did do while inside the building.

Not only did Dressel attempt to clean up some of the debris left on the floor in the Capitol but he took steps to affirmatively hold parts of the crowd back to protect police officers inside the Crypt area and return a stolen police shield to police officers.

The following photographs show Dressel picking up discarded water bottles and taking the bottles to be disposed of.









While picking up bottles may seem to be a minor thing, it is reflective of Dressel's concern not be part of any destructive activity while in the Capitol.

Once in the area of the Crypt, Dressel saw police officers being moved on by the crowd. Dressel placed himself between the crowd and the officers. He repeatedly signaled the rioters to move back. He physically pushed rioters back away from the police. The following screenshots show his repeated efforts to assist in ensuring the safety of the officers. As with the other screen shots from the Capitol videos contained within this Memorandum, the screen shots do not do

4

justice to the efforts of Dressel.  At the sentencing hearing, Dressel will be requesting permission to play the video clips depicted in these screen shots so that the Court can get the full picture of Dressel's actions while in the Capitol for those twenty-three minutes.  Those clips are included in Dressel's Sentencing Exhibit #3.





5

















On the way out of the building, Dressel saw a rioter with a police shield and took the police shield from the rioter and handed it over to police officers.





9





After being the Capitol for this brief period of time, he made the personal decision that his presence in the Capitol was a grave error in judgement and he made his way out of the building. By the time he returned to the area of the door through which he had earlier made entry, the door was blocked and the only means of egress was through a broken window.

These affirmative acts by Dressel, together with the fact that his presence in the Capitol was brief, evidence the fact that Dressel's participation in entering the Capitol was a major

misstep and one he sought to correct by protecting and assisting the police and by promptly leaving the Capitol building.

### V.   JOSHUAL DRESSEL'S PERSONAL CHARACTERSTICS AND 18 U.S.C. 3553(a) FACTORS

The PSR accurately documents Dressel's personal history.

Dressel is thirty-three year old man, married, and with no criminal record. He is the father of three children produced as a result of his marriage to his wife, Staci.  Also living with Dressel and his wife is his 18 year old step-son.

Dressel comes from a close family and has achieved success as a business owner in Missouri.

Dressel and his wife, Staci Dressel have submitted letters which are included with the Sentencing Memorandum as Exhibits #1 and #2.

The recommendation of the Probation Office for a twenty-four month term of probation fairly summarizes why a probationary sentence is appropriate in this matter.  It properly noted that "Mr. Dressel's culpability appears to be minimal in contrast with individuals who destroyed government property and assaulted or threatened law enforcement officers."  It confirms his close family ties, his compliance with all the terms of his pretrial release and confirms that he "does not appear to present a danger to the community and goals of sentencing may be accomplished through a non-custodial sentence."

### VI.   CONCLUSION

Dressel's entry into the Capitol building was brief and while he was in the Capitol building he did not engage in any destructive activity or any violent activity.  He is guilty of an authorized presence in the Capitol building that was the result of a brief exercise of poor judgement.

Imposing a period of probation would fully serve the purposes of 18 U.S.C. 3553(a) that the Court must consider in sentencing Mr. Dressel.

Mr. Dressel respectfully request that this Honorable Court impose a period of probation and order the payment of the agreed upon restitution of five hundred dollars.

Respectfully submitted,

MARCUSBONSIB, LLC

*/s/ Robert C. Bonsib*

_____

Robert C. Bonsib
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
robertbonsib@marcusbonsib.com
Bar No. 423-306

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served this 13th day of March, 2023 *via* CM/ECF to: Assistant United States Attorney Matthew Moeder.

*/s/ Robert C. Bonsib*

_____

Robert C. Bonsib